IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUNE VICCHARELLI       :     CIVIL ACTION
           Plaintiff,    :     NO. 06-4890
                   :
      v.              :
                   :
THE HOME DEPOT U.S.A., INC.   :
                   :
         Defendant.    :

**FILED**

DEC 0 5 2007

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

M E M O R A N D U M

EDUARDO C. ROBRENO, J.              December 4, 2007

I.

Plaintiff June Viccharelli was a customer at a Home Depot store in Philadelphia, Pennsylvania. While in the checkout line, Viccharelli stepped in a slippery wet substance causing her to fall and sustain injuries to multiple parts of her body.

Viccharelli alleges that her fall was due to Home Depot's negligence. She contends that by act or omission, Home Depot created a hazardous and dangerous condition in violation of the duty of care owed to her as a business invitee, ultimately causing her injuries. She brought this negligence action[1] and

---

[1] On August 1, 2006, Viccharelli filed suit against Home Depot and Joseph Raggio in the Philadelphia County Court of Common Pleas. Viccharelli's claims against Joseph Raggio were dismissed, pursuant to Raggio's preliminary objections, by the Philadelphia County Court of Common Pleas. Thereafter, Home Depot timely removed the case to this Court, on the basis of diversity jurisdiction.

Home Depot moved for summary judgment.[2]  The motion will be
granted.

II.

A.

Under Pennsylvania law,[3] a claim for negligence requires
four elements:

> (1) a duty or obligation recognized by the law,
> requiring the actor to conform to a certain standard of
> conduct for the protection of others against
> unreasonable risks; (2) a failure to conform to the
> standard required; (3) a causal connection between the
> conduct and the resulting injury; and (4) actual loss
> or damage resulting in harm to the interests of
> another.

Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir.

---

[2] A court may grant summary judgment when "the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party
is entitled to judgment as a matter of law."  Fed. R. Civ. P.
56(c).  A fact is "material" if its existence or non-existence
would affect the outcome of the suit under governing law.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An
issue of fact is "genuine" when there is sufficient evidence from
which a reasonable jury could find in favor of the non-moving
party regarding the existence of that fact.  Id. at 248-49.  "In
considering the evidence, the court should draw all reasonable
inferences against the moving party."  El v. Se. Pa. Transp.
Auth., 479 F.3d 232, 238 (3d Cir. 2007).  "[S]ummary judgment is
essentially 'put up or shut up' time for the non-moving party:
the non-moving party must rebut the motion with facts in the
record and cannot rest solely on assertions made in the
pleadings, legal memoranda, or oral argument."  Berckeley Inv.
Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).

[3] In this diversity action, Viccharelli's negligence claims
are governed by Pennsylvania law.  Erie R.R. Co. v. Tompkins, 304
U.S. 64 (1938).

2005) (applying Pennsylvania law).  In other words, a plaintiff must show the usual (1) duty, (2) breach, (3) causation, and (4) damages.  See Farabaugh v. Pa. Tpk. Comm'n, 911 A.2d 1264, 1272-73 (Pa. 2006).  "Whether a defendant owes a duty to a plaintiff is a question of law."  In re TMI, 67 F.3d 1103, 1117 (3d Cir. 1995).  The nature of the duty depends on the relationship between the landowner and the person on his premises.  Palange v. City of Phila., Law Dep't., 640 A.2d 1305, 1308 (Pa. Super. 1997) (holding that a business invitee is one who is "invited to enter or remain on land for a purpose directly or indirectly connected with the business dealings with the possessor of the land").  A landowner owes an elevated duty of care to those business visitors on its premises.  Beary v. Pa. Elec. Co., 469 A.2d 176, 180 (Pa. Super. 1983).  However, even with an elevated duty of care, a landowner does not have a duty to protect invitees from unknown dangers.  Moutrey v. Great Atl. Tea Co., 422 A.2d 593, 596 (Pa. Super. 1980).  While it is an accepted principle that invitees demand, and should receive, the highest level of care, it is equally true that a landowner does not have to act as guarantor for the safety of those on his land.  "The owner of the store is not an insurer of the safety of [his] customers."  Id.

B.

In defining the scope of the duty a landowner owes to those

3

business visitors on its land, Pennsylvania has adopted

Restatement (Second) of Torts § 343 which provides:

> A possessor of land is subject to liability for
> physical harm caused to his invitees by a condition on
> the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would
> discover the condition, and should realize that it
> involves an unreasonable risk of harm to such invitees,
> and
>
> (b) should expect that they will not discover or
> realize the danger, or will fail to protect themselves
> against it, and
>
> (c) fails to exercise reasonable care to protect them
> against the danger.

Restatement (Second) of Torts § 343 (1965); see Swift v. Ne.

Hosp., 690 A.2d 719, 723 (Pa. Super 1997).  With regard to the

first "knowledge" prong, "to establish that a landowner had

notice of the hazardous condition sufficient to trigger the duty

of care, an invitee must prove either that the landowner had a

hand in creating the harmful condition or had actual or

constructive knowledge of the condition."  See Marks v. The

Reserve at Hershey Meadows, 2007 U.S. Dist. LEXIS 47325 (E.D. Pa.

June 29, 2007) (quoting Swift, 690 A.2d at 723).


C.

The parties agree that for purposes of the litigation,

Viccharelli is an invitee.  However, Viccharelli does not claim

that Home Depot had actual knowledge of the slippery condition,

or that Home Depot played any part in its manifestation.  Rather, she contends that Home Depot had constructive notice of the condition.

To establish constructive notice, the party asserting the claim must generally prove that an alleged hazardous condition existed for such a length of time[4] as to suggest that, with the exercise of reasonable care, a landowner should have known of it and remedied the problem.  <u>Brandenstein v. Great Atl. & Pac. Tea Co.</u>, 275 F.2d 725, 726 (3d Cir. 1960).

For example, in <u>Rumsey v. Great Atl. & Pac. Tea Co.</u>, evidence that lettuce on the floor of a supermarket upon which the plaintiff slipped was "wilted", "old", and not "fresh," served to compel the Court to deny summary judgment in that a juror could reasonably find that the lettuce, or hazardous condition, had existed for such a length of time as to qualify for constructive notice.  408 F.2d 89, 90 (3d Cir. 1969); <u>see also</u> <u>Kania v. Sbarro, Inc.</u>, 1998 U.S. Dist. LEXIS 18531 (E.D. Pa. Nov. 13, 1998) (holding that a jury could infer from the brownish color of lettuce that it had been on the floor for a sufficient period of time that the defendant should have discovered it). More precisely, that lettuce generally does not exhibit the above

---

[4] In <u>Neve v. Insalaco's</u>, 771 A.2d 786, 791 (Pa. Super. 2001), the Court, while appreciating that many factors should be considering when evaluating the presence of constructive notice, stated that the time elapsing between the origin of the hazard and the accident is among the most important.

characteristics when it is on the shelf and kept cool, is indicative of duration.

By contrast, an instance of an employee "taking a break," while supposed to be "on watch" in a supermarket, when a customer slipped on a grape did not rise to the level of constructive notice; this fact was not relevant to the issue of duration. Myers v. Penn Traffic Co., 606 A.2d. 926, 930 (Pa. Super. 1992) (holding that "the fact that the employee was on a break when appellant fell does not in and of itself create an inference of negligence on the part of the appellee").

In the present case, Viccharelli's entire argument is that "skid marks" observed by the defendant in the wet substance after she fell suggest "customer traffic" for an "extended period of time." Viccharelli appears to equate the mere presence of the wet substance itself with duration. In other words, because the floor was wet and because there were skid marks in the wet area, plaintiff deduced that the condition existed for a lengthy period of time. This argument has no traction. To the contrary, the presence of "skid marks" suggests only that something had been pushed through the wet substance at one point in the past. It does not suggest, however, that the wet substance had been present for any length of time, much less that Home Depot

personnel should have noticed it upon reasonable inspection.[5]
Unlike the facts in Rumsey, where the evidence made duration seem
likely, there is nothing comparable in the present case.

This case is strikingly similar to Read v. Sam's Club, 2005
WL 2346112 (E.D. Pa. Sept. 23, 2005). In that case, the
plaintiff suffered an injury upon falling at a supermarket and
claimed that the store had constructive notice of the hazardous
wet spot as evidenced by the presence of skid marks. There,
Judge Davis held that while there was testimony of skid marks at
the site of the accident, there was no evidence as to how long
the "skid marks" had been present prior to the accident. And
also similarly, there was no evidence of how the hazard was
manifested. Under these circumstances, summary judgment was
appropriate.

Viccharelli relies on Katz v. John Wanamaker Philadelphia,
Inc., 112 A.2d 65 (Pa. 1955). Katz involved a customer's fall in
a staircase at the John Wanamaker building in Philadelphia,
Pennsylvania. The plaintiff's fall was due to the wet surface of
the staircase. At trial, there was testimony that for "at least
an hour," the steps in the staircase were "very wet and [had] a

---

[5] Interestingly, at her deposition, Viccharelli speculated
that the substance had come from a customer only two spaces ahead
of her in the checkout line. (Viccharelli Dep. 90:15-20, Feb. 27,
2007). The Court is not accepting this testimony as fact, but
rather to show that plaintiff herself "speculated" that the
substance had not been present for an extended period of time.

lot of mud on them." Id. at 481.  There was also testimony that during that time, "no attempt [by the store owner] was made to clean or mop up the steps." Id. at 482.  The Pennsylvania Supreme Court found that based on these facts, it could not say that the defendant did not have constructive notice.  Id. at 483.

Katz is readily distinguishable from the case at present. The plaintiff in Katz offered evidence as to the duration of the hazardous condition and the lack of attempt to remedy the situation.  Here, the plaintiff only avers the presence of a slippery substance and "skid marks," without any further indication as to how long either existed prior to the accident.


                              III.

Based upon the aforementioned facts, no reasonable jury could find that defendant had constructive knowledge of the slippery wet surface where plaintiff fell.  Thus summary judgment is appropriate for the defendants.  An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUNE VICCHARELLI,                    :
                                     :    CIVIL ACTION
              Plaintiff,             :    NO. 06-4890
                                     :
        v.                           :
                                     :
THE HOME DEPOT U.S.A., INC.,         :
                                     :
                                     :
              Defendant.             :

**FILED**

DEC 0 5 2007

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

ORDER

**AND NOW,** this **4th** day of **December, 2007,** for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that Defendant's motion for summary judgment against Plaintiff (doc. no. 14) is **GRANTED.**

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**